**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. ________________**

ROBERT S. LEVIN and JOYCE V. LEVIN,

Plaintiffs,

v.

PALM BEACH COUNTY and GLENN MEEDER, JR., in his capacity as COLLECTIONS COORDINATOR, PALM BEACH COUNTY OFFICE OF FINANCIAL MANAGEMENT AND BUDGET,

Defendants.
_________________________________/

## NOTICE OF REMOVAL

**COME NOW,** Defendants, Palm Beach County and Glenn Meeder, Jr., in his Capacity as Collections Coordinator, Palm Beach County Office of Financial Management and Budget, by and through their undersigned Assistant County Attorney, Michael A. Federico, Esq., and pursuant to Title 28 U.S.C. Sections 1331, 1441 and 1446, hereby files the instant Notice of Removal as follows:

1. This action was originally filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on or about February 21, 2017, where it was assigned case number 50 2017 001999 MB AE. The Complaint alleges a federal claim of civil rights violations at paragraphs 18 and 23. (See, Complaint, hereinafter Exhibit "1").
2. A copy of the Fifteenth Judicial Circuit docket regarding the instant case is attached as Exhibit "2", and notice has been provided to state court regarding the removal.

3. This Court has original jurisdiction over this action as provided in 28 U.S.C. Section 1331 and is properly removable pursuant to 28 U.S.C. Sections 1441 and 1446(b).
4. Notice of this removal has been provided to the Plaintiffs in Proper Person and the Clerk of Court for the Fifteenth Judicial Circuit pursuant to 28 U.S.C. Section 1446(d).
5. This Notice of Removal has been filed within thirty (30) days after service of the Complaint in compliance with 28 U.S.C. Section 1446(b).

Dated this 9 day of March, 2017.

**Michael A. Federico, Esq.**
Assistant County Attorney
Fla. Bar No. 120246
Palm Beach County Attorney's Office
300 N. Dixie Highway, Suite 359
West Palm Beach, Florida 33401
Tel. (561) 355-6717
Fax. (561) 355-4234
Email: mfederic@pbcgov.org
aairey@pbcgov.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Notice of Removal has been filed with the Court's CM/ECF system and furnished by U.S. Mail to Robert S. Levin and Joyce V. Levin, at 7238 Cannonade Drive, Leesburg, Virginia, 20176, this 9 day of March, 2017.

**Michael A. Federico, Esq.**
Assistant County Attorney

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

50 2017 CA 001999 XXXX MB

ROBERT S. LEVIN, and
JOYCE V. LEVIN

AE

Plaintiffs,

vs.

PALM BEACH COUNTY, and
GLENN MEEDER, JR., in his capacity as
COLLECTIONS COORDINATOR, PALM
BEACH COUNTY OFFICE OF FINANCIAL
MANAGEMENT AND BUDGET

Defendants.
_______________________________________/

COPY
RECEIVED FOR FILING
FEB 21 2017
SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

**COMPLAINT**

Plaintiffs, ROBERT S. LEVIN and JOYCE V. LEVIN, (collectively "Plaintiffs") bring this action against PALM BEACH COUNTY (hereinafter "PBC"), and GLENN F. MEEDER, JR. (hereinafter "Meeder") in his Official Capacity as Collections Coordinator, Palm Beach County Office of Financial Management and Budget, (collectively "Defendants"), and all facts being extant and material hereto alleges:

## I. INTRODUCTION

1. This is a Complaint for declaratory relief and damages in excess of Fifteen Thousand ($15,000.00) Dollars.

2. Plaintiffs are, in all respects, sui juris.

3. Plaintiffs were residents of Palm Beach County, Florida, from 1989 until 2011 when



EXHIBIT
tabbies
1

they relocated to Virginia.

4. In March 2015 Joyce V. Levin's mother, Eleanor Helicher, a resident of Palm Beach County, Florida, passed away. Prior to her death Mrs. Helicher had her few assets placed in a Trust of which Joyce V. Levin was the sole trustee and sole beneficiary.

5. The largest asset in the Trust was a condominium located in Delray Beach, Palm Beach County, Florida. Following Mrs. Helicher's death Joyce V. Levin placed the condominium for sale and an agreement to sell the condominium was reached on October 16, 2016 with a closing date scheduled for November 30, 2016. A title company was hired to conduct the settlement process which included obtaining title insurance for both the seller and buyer.

6. During the course of conducting its research the underwriter made Plaintiffs' aware that they would not provide title insurance to the buyer or seller until an outstanding lien against the Plaintiffs was resolved.[1] The Plaintiffs were not aware of any lien and upon investigation found that in 1999 the Palm Beach County Building and Zoning Department placed a code enforcement lien on the then residence of the Plaintiffs.[2] According to Defendant Meeder, "Although the proper utility easement variances had been obtained, the fence contractor installed the fence in a "maintenance easement" area which is never allowed and did not agree with the fence location on the approved permit plans." [Exhibit 1]

7. Without being able to obtain title insurance the sale agreement on the trust condominium was not able to close and the property remains to this day virtually unsaleable

[1] The underwriter for the title insurance, Republic Title Insurance Company, refused to provide title insurance even though the trust property was in the name of the trust, not in the name of Plaintiff Joyce V. Levin.

[2] According to the "Historical Inspection Information" report provided to the Plaintiffs by Defendant Meeder [Exhibit 2] the County was aware of this issue on 6/25/1991 construction yet did not act until 5/29/1998.

without title insurance being available to the buyer.[3]

## II. JURISDICTION

8. The subject manner jurisdiction of this Court is invoked pursuant to Fla Stat. 85.011. The matter in controversy is within the jurisdiction amount of this Court.

## III. VENUE

9. Venue is proper in this Court because the Defendants reside in Palm Beach County, the matter at issue occurred in Palm Beach County and the subject real property is located in Palm Beach County.

## III. PARTIES

10. Plaintiff, Joyce V. Levin, was a resident of Palm Beach County, Florida, when the series of events occurred culminating in the lien against Plaintiffs being recorded on 04/28/1999.

11. Plaintiff, Robert S. Levin, was a resident of Palm Beach County, Florida, when the series of events occurred culminating in the lien against Plaintiffs being recorded on 04/28/1999.

12. Defendant, Palm Beach County is a "Home Rule County" pursuant to Sec. 1.1 of the Charter of Palm Beach County and has the responsibility to enforce Florida Statutes.

13. Defendant, Glenn F. Meeder, Jr., (hereinafter "Meeder") is the collections coordinator for Palm Beach County, Office of Financial Management and Budget, Collections Division.

## IV. SPECIFIC FACTUAL ALLEGATIONS

### A. DEFENDANT PBC FAILED TO SERVE PLAINTIFF JOYCE V. LEVIN WITH THE NOTICE OF VIOLATION

#### 1. FLORIDA STATUTES

14. Plaintiff Joyce V. Levin was never served with a Notice of Violation by the Palm

[3] Other underwriters were approached by the Plaintiffs representative but declined to provide title insurance due to the Palm Beach County Code lien attached to Plaintiff Joyce V. Levin.

Beach County Building and Zoning Department (hereinafter "PBCBZD").

15. Florida Statute 162.12 addresses how notices …"must be provided to the alleged violator." Fla. Stat. 162.12 (1). Among the options is by certified mail which was the sole option chosen by the PBCBZD to provide notifications to either Plaintiff.

16. On November 7, 2016 Meeder provided Plaintiffs with a copy of the unsigned PBCBZD Notice of Violation letter[4] dated September 24, 1998. [Exhibit 3] Attached to the second page of the letter are copies of the U.S. Postal Service Form 3800, Receipt for Certified Mail, and U.S. Postal Service Form 3811, Domestic Return Receipt. These copies are put forth by the Defendants as proof the Plaintiffs received notice as required under Fla. Stat. 162.12.

17. The copies of forms 3800 and 3811 show the article was addressed to and mailed solely to Plaintiff Robert S. Levin. Plaintiff Joyce V. Levin is not named on either Form 3800 Receipt For Certified Mail, or Form 3811 Domestic Return Receipt. It is without dispute, and confirmed by Defendants own documents, that Defendants failed to notify Plaintiff Joyce V. Levin of any Notice of Violation as required under Fla. Stat. 162.12.

**2. PLAINTIFFS' DUE PROCESS RIGHTS WERE VIOLATED**

18. Failing to properly notice Plaintiff Joyce V. Levin not only violates the requirements of Fla. Stat. 162.12, but also violates her due process rights under the fourteenth amendment of the United States Constitution. In *Evans v. Ireland*, 707 So. 2d 1135 (Fla. Dist. Ct. App. 1998), the court cited *Dawson v. Saada*, 608 So. 2d 806, 808 n. 1 (Fla.1992), in which the United States Supreme Court noted that the issue is not whether the owners received notice, but whether the clerk complied with the notice provisions. The record in this instance is clear that by failing to send the Notice of Violation to Plaintiff Joyce V. Levin the notice provisions in Fla. Stat. 162.12 were not complied with.

---

[4] The letter shows the name of the code enforcement officer but is not endorsed with a signature.

19. Additionally, each of the four correspondences purportedly mailed to the Plaintiffs by the PBCBZD and the Palm Beach County Code Enforcement Board (hereinafter "PBCCEB") failed to satisfy notice requirements. In *Ciolli v. City of Palm Bay*, 50 So. 3d 295 (Fla. 5th Dist. App. 2011), the court expanded the due process burdens for local government. The court held that an unauthenticated copy of a United States Postal Service return receipt that is signed by an individual other than the named person, is insufficient to prove notice and satisfy due process requirements. The court also noted that the return receipt did not establish what article was sent to Ciolli. With each of the four correspondence purportedly mailed to Plaintiff Robert S. Levin and the three to Plaintiff Joyce V. Levin, the return receipts were signed by individuals whose identity and relationship to the mailing address are unknown to Plaintiffs. In fact, three of the four return receipts bear no printed name and the signature is obscured to the point of being unidentifiable. Also, two of the four #3800 and #3811 U.S. Postal Service return receipts have an incorrect address. Forms 3800 #Z-141-126-450 and Z-141-132-996 show a street that does not exist in Palm Beach County and that does not match the street address Defendants claim to be on record with the Palm Beach County Property Appraiser's Office.[5] [Exhibit 4]

20. Furthermore, each of the four U.S. Postal forms #3800 and #3811 fail to establish what article was sent to the Plaintiffs. Each form simply notes the complaint number (#C9808240024) but fails to designate what the enclosed article is as that same complaint number appears on the Notice of Violation, Notice of Hearing, Code Enforcement Board order, and Notice of Code Enforcement Lien. [Composite Exhibit 5, P.B.C.P.A. – NAL System document]

---

[5] There is no record of a "Clintmore Road" in Palm Beach County.

**COUNT I**
**DECLARATORY JUDGMENT**

Plaintiffs hereby adopt, reallege and reaffirm each and every allegation contained in paragraphs 1 through 20 of this Complaint and further allege:

21. This is an action for declaratory relief and money damages.

22. Plaintiffs contend, and evidenced by Defendants' own records, that the Defendants failed to serve Plaintiff Joyce V. Levin with a Notice of Violation as required by Fla. Stat. 162.12.

23. Plaintiffs contend, and evidenced by Defendants' own records and by United States Supreme Court and established Florida appellate case law, that both Plaintiffs' due process rights were violated.

WHEREFORE, Plaintiffs, ROBERT S. LEVIN and JOYCE V. LEVIN, respectfully requests that this Court:

A) Enter an order that Defendants failed to properly notice Plaintiff Joyce V. Levin, and for Defendants and any of their appropriate offices and agencies to rescind the Code Enforcement lien[6] against said Plaintiff and any real property upon which Defendants placed a lien;

B) Enter an order that Defendants' notices to each Plaintiff did not meet the due process burdens for local government as the copies of the United States Postal Service return receipts are unauthenticated, did not conclusively establish that each Plaintiff received the Palm Beach County Code Enforcement Board Notice of Violation, Notice of Hearing, Order or Notice of Code Enforcement Lien, the return receipts do not reflect what "article" was mailed to Plaintiffs, and that the street two of the notices were mailed to does not match the street address

---

[6] The lien is referenced by Complaint / Account No. C9808240024, ORB 11076 pp. 1142-1145

Defendants claim to be on record with the Palm Beach County Property Appraiser's Office.

C) Enter an order that Defendants and any of their appropriate offices and agencies to rescind the Code Enforcement Lien against the Plaintiffs and any real property upon which Defendants placed a lien.

**COUNT II**
**DAMAGES – NEGLIGENCE**

Plaintiffs hereby adopt, reallege and reaffirm each and every allegation contained in paragraphs 1 through 23 of this Complaint and further allege:

24. Defendants were negligent and therefore are liable for Plaintiffs' current and ongoing losses.

25. Defendants owed Plaintiffs, and in fact all residents of Palm Beach County, a duty due to the inherent relationship between the County and its residents. Due to this relationship a reasonable person would find that a duty exists and the Defendants are obligated to act in a manner wherein the County, its agencies and its employees are expected to follow the procedures and rules memorialized in the Florida Statutes.

26. The Defendants breached this duty by failing to exercise reasonable care in fulfilling this duty. In this instance the Defendants failed to properly notice Plaintiffs as required by Florida Statute 162.12, and so putting into motion a series of events that culminated in Plaintiffs suffering damages.

27. But for the Defendants action of failing to properly notice Plaintiffs a lien would not have been placed on both Plaintiffs, the Trust property would have sold on November 30, 2016, and Plaintiffs would not have incurred the additional and ongoing expenses related to continued ownership of that property from December 1, 2016 and continuing to this day.

28. Defendants were aware that by placing a lien on Plaintiffs' property that Plaintiffs

would not be able to sell real property in Florida as no underwriter would make title insurance available to a buyer until the lien was satisfied and released. The Defendants could have foreseen the harm that would have resulted by placing the lien on any real property owned either jointly or individually by the Plaintiffs. In this instant matter Plaintiffs had a valid sale agreement for the Trust property. The proximate cause of the sale being canceled and the resulting ongoing expenses incurred by the Plaintiffs are due solely to the actions of the Defendants.

29. Due solely to Defendants' negligence Plaintiffs have suffered financial injury and emotional injury. The financial injury arises from the ongoing and accumulating costs and expenses the Plaintiffs have incurred as of December 1, 2016 (the closing date for the Trust property was scheduled for November 30, 2016). The mental injury arises from the overwhelming emotional duress suffered by Plaintiffs due to finding a lien placed against them by the Defendants over 17 ½ years ago of which they never received proper notice, that an agreement to sell the property was terminated due to the direct and proximate wrongful conduct of the Defendants, that the property remains unsaleable due to the direct and proximate wrongful conduct of the Defendants, and the ongoing expenses Plaintiffs must incur due to the direct and proximate wrongful conduct of the Defendants.

WHEREFORE, Plaintiffs, ROBERT S. LEVIN and JOYCE V. LEVIN, respectfully requests that this Court:

A) Enter judgment against Defendants for negligence in excess of $15,000.00, plus interest on all liquidated sums, costs and attorneys fees, and any further relief the Court finds just and right.

Plaintiff hereby demands I trial by Jury on all causes.

Dated this 21st day of February, 2017.

ROBERT S. LEVIN, Pro Se
JOYCE V. LEVIN, Pro Se
17238 Cannonade Drive
Leesburg, VA 20176
Telephone: 561-308-8065
Email: elkins2008@gmail.com

By: Robert S. Levin

By: Joyce V. Levin

# Exhibit "1"

sent via email to elkins2008@gmail.com and U.S. mail

Office of
Financial Management & Budget

P.O. Box 1989

West Palm Beach, FL 33402-1989

(561) 355-2580

FAX: (561) 355-2109

www.pbcgov.org

Palm Beach County
Board of County
Commissioners

Paulette Burdick, Mayor

Melissa McKinlay, Vice Mayor

Hal R. Valeche

Dave Kerner

Steven L. Abrams

Mary Lou Berger

Mack Bernard

County Administrator

Verdenia C. Baker

"An Equal Opportunity
Affirmative Action Employer"

December 22, 2016

Mr. Robert Levin
17238 Cannonade Drive
Leesburg, VA 20176

RE: **Robert S. & Joyce V. Levin**
**Palm Beach County Code Enforcement Lien**
Case No.: **C-1998-08240024**
Violating Property Control No.: **00-42-46-33-09-000-5010**
Violating Property Address: **6940 Queenferry Circle, Boca Raton FL**
Cross Attached Property Control No.: **00-42-46-23-51-001-1040**
Cross Attached Property Address: **15453 Lakes of Delray Blvd #104, Delray Beach FL**
**ORB:** 11076 **PAGE:** 1142 **On:** 04/28/99

Dear Mr. Levin:

I have had a chance to review the code enforcement case history together with the building permit history and have been able to put together the summarized case chronology.

**09/24/98** – Notice of Violation is issued to obtain the required permits, inspections and certificate of completion for the installation of a pool fence giving owners until 10/23/98 to get violations corrected.

**01/06/99** – Special Magistrate hears case and orders compliance by February 5, 1999 or $50.00 a day fine will begin to accrue.

**01/19/99** – Permit is renewed per the Building Division inspection history.

**02/06/99** – Affidavit of non-compliance is issued. $50.00 a day fine begins to accrue.

**04/28/99** – Lien is recorded ORB-11076/PAGE-1142/ON-04/28/99

**10/13/99** – Certificate of Title is issued to Merrill Lynch through foreclosure proceedings.

**11/12/99** – 150 day notice is sent to new owner.

**01/06/00** – Violation is corrected and an Affidavit of Compliance is issued.

Although the proper utility easement variances had been obtained, the fence contractor installed the fence in a "maintenance easement" area which is never allowed and did not agree with the fence location on the approved permit plans. Nothing can ever be constructed in a maintenance easement area and the building inspector, upon an inspection of the installed fence, saw what the contractor had done and notified code enforcement.

The building permit for the pool/fence, which had become inactive, was renewed prior to the Code Enforcement Special Magistrate's (CESM) ordered date, but the part of the fence that was encroaching the maintenance easement area was not relocated. The relocation finally occurred a couple of months after you had lost the property in the bank's foreclosure.

Taking into account that it took over nine (9) months to fully correct the cited code issue, together with Code Enforcement and Building Division records indicating that the inactive fence permit was re-activated prior to the CESM's ordered compliance date and the fact that the property was in the midst of a bank foreclosure, I would be willing to put forth a proposed code lien settlement offer in the amount of **$6,100.00** before the Board of County Commissioners (BCC). This proposed lien reduction would reduce your outstanding lien by nearly **85%** of the current outstanding amount due.

I have enclosed, for your information, copies of the building permit history for the pool/fence as well as copies of the two (2) executed utility easement approvals. There is not one for the maintenance easement area which, as stated before, was part of the reason for the code enforcement case.

Please review this settlement proposal and let me know if you would like me to proceed with getting this proposed lien settlement offer before the BCC for their approval. An Agenda Item, which I will need to write, is required for all code liens that are in Collections.

I will await your reply.

If you should have any questions, please feel free to contact me at (561) 355-4010

Sincerely,

Glenn E. Meeder, Jr.
Collections Coordinator, PBC, OFMB Collections Division

(enclosures)

# Exhibit "2"

## Historical Inspection Information

**Permit: B91000030 PR: 90031112 (3521 - Pool Residential - In-Ground) - Complete**

| Permit / Sub-Permit No | Insp Desc | Result | Reasons | Re-Insp | Fee Paid | Inspector | Scheduled | Resulted | Insp Area |
|---|---|---|---|---|---|---|---|---|---|
| B91000030 | POOL/SPA STEEL | F | 06 | | | Gropp, Mike | 01/15/1991 | 01/15/1991 | 009 |
| B91000030 | POOL/SPA STEEL | F | 06 | | | Gropp, Mike | 01/16/1991 | 01/16/1991 | 009 |
| B91000030 | POOL/SPA STEEL | P | | | | Gropp, Mike | 01/17/1991 | 01/17/1991 | 009 |
| P00000000 | R/P POOL/SPA | C | | | | Hornyak, Melvin | 01/30/1991 | | 009 |
| P00000000 | R/P POOL/SPA | P | | | | Hornyak, Melvin | 02/01/1991 | 02/01/1991 | 009 |
| B91012472 | FINAL BUILDING | F | 09 | | | LJN | 06/20/1991 | 06/20/1991 | 009 |
| B91012472 | FINAL BUILDING | F | 09 | | | Woodall, Noel | 06/25/1991 | 06/25/1991 | 009 |
| FENCE ENCROUCHMENT | | | | | | Woodall, Noel | 06/25/1991 | | |
| E91000007 | FINAL ELECTRIC | P | | | | Wylie, Barry | 06/26/1991 | 06/26/1991 | 009 |
| | 150 DAY NOTICE SENT TO OWNER 11/24/91 | | | | | | 11/24/1991 | | |
| B91000030 | FINAL BUILDING | P | | | | Moye, Jeff A | 05/29/1998 | 05/30/1998 | 009 |
| B91000030 | POOL DECK | P | | | | Moye, Jeff A | 05/29/1998 | 05/30/1998 | 009 |
| ** UNABLE TO C/C AS FENCE IS ENCROACHING | | | | | | Moye, Jeff A | 05/29/1998 | | |
| | 150 DAY NOTICE SENT TO OWNER 10/27/98 | | | | | | 10/27/1998 | | |
| | PERMIT WAS RENEWED ON 01/19/99 | | | | | | 10/27/1998 | | |
| B91012472 | FINAL BUILDING | P | | | | Sherpltis, Joseph R | 06/15/1999 | 06/15/1999 | 009 |
| E91000007 | CERTIF. OF COMPL. | P | | | | | 06/15/1999 | 06/15/1999 | 009 |
| | 150 DAY NOTICE SENT TO OWNER 11/12/99 | | | | | | 11/12/1999 | | |
| B91000030 | CERTIF. OF COMPL. | P | | | | | 01/05/2000 | 01/05/2000 | 009 |
| * PRINTED, 01/05/00 C | | | | | | | 01/05/2000 | | |

Print Close

# Exhibit "3"

NOTICE OF VIOLATION

PALM BEACH COUNTY BUILDING & ZONING DEPARTMENT
100 AUSTRALIAN AVE, WEST PALM BEACH, FL. 33406
TELEPHONE: (561)233-5500

TO: ROBERT B LEVIN
JOYCE V LEVIN

SEPTEMBER 24, 1998

ADDRESS: 2901 CLINTMORE RD. #423
BOCA RATON, FL 33496

PREMISES: 6940 QUEENFERRY CIR
PCN# : 000 42 46 33 09 000 3010

COMPLAINT NUM: C9808240024

ZONING CLASSIFICATION: RT

YOU ARE HEREBY NOTIFIED THAT AN INSPECTION OF THE ABOVE PREMISES DISCLOSED THAT YOU HAVE VIOLATED ONE OR MORE CODES OF PALM BEACH COUNTY, FLORIDA AS FOLLOWS:

105.6 PALM BEACH COUNTY BUILDING CODE
106.2 PALM BEACH COUNTY BUILDING CODE

AND PARTICULARLY

IT IS NECESSARY TO OBTAIN REQUIRED PERMITS, INSPECTIONS AND CERTIFICATE OF COMPLETION FOR THE INSTALLATION OF A SWIMMING POOL FENCE. (THE FENCING IS ENCROACHING INTO A DRAINAGE EASEMENT AND MUST BE RELOCATED IN ACCORDANCE WITH THE PERMITS AND PLANS FOR SAME IN ORDER THAT THE PERMITS MAY RECEIVE THEIR CERTIFICATE OF COMPLETION.

REQUIREMENTS FOR CORRECTION

RENEW, REACTIVATE, OR OBTAIN NEW PERMITS TO COVER THE WORK COMPLETED UNDER BUILDING PERMIT # B91000090, MAKE ANY NECESSARY CORRECTIONS TO THE WORK THAT HAS BEEN COMPLETED, WHICH WILL INCLUDE RELOCATING THE FENCE TO THE PROPER LOCATION AS REFLECTED IN THE APPROVAL PERMIT AND PLANS AND OBTAIN THE CERTIFICATE OF COMPLETION FOR THE SWIMMING POOL AND POOL FENCE.

COMPLIANCE DEADLINE: OCTOBER 23, 1998.

THE REQUIREMENTS FOR CORRECTION MUST BE MET NO LATER THAN OCTOBER 23, 1998. IF THE VIOLATION IS CORRECTED AND THEN RECURS OR IF THE VIOLATION IS NOT CORRECTED BY THE TIME SPECIFIED FOR CORRECTION IN THIS NOTICE, THE CASE MAY BE PRESENTED TO THE CODES ENFORCEMENT BOARD OR SPECIAL MASTER FOR HEARING EVEN IF THE VIOLATION HAS BEEN CORRECTED PRIOR TO THE BOARD

HEARING. IF YOU ARE FOUND TO BE IN VIOLATION BY ORDER OF THE CODES ENFORCEMENT BOARD OR SPECIAL MASTER, THERE MAY BE IMPOSED AGAINST YOU A FINE OF UP TO $250 DOLLARS PER DAY FOR EACH DAY THE VIOLATION CONTINUES PAST THE COMPLIANCE DATE SET BY THE BOARD OR SPECIAL MASTER.

FURTHERMORE, THE COUNTY SHALL BE ENTITLED TO RECOVER FROM YOU ALL COSTS IT INCURS IN SUCCESSFULLY PROSECUTING THIS CASE BEFORE THE CODES ENFORCEMENT BOARD OR SPECIAL MASTER.

SHOULD YOU HAVE ANY SPECIFIC QUESTIONS REGARDING THIS VIOLATION NOTICE, PLEASE CONTACT THE CODE ENFORCEMENT OFFICER BETWEEN 8:00 AND 9:30 A.M.

NOTE: IT IS YOUR RESPONSIBLITY TO CONTACT THIS OFFICE WHEN COMPLIANCE HAS BEEN ACHIEVED.

PALM BEACH COUNTY
BUILDING & ZONING DEPARTMENT
CODE ENFORCEMENT DIVSION

BY: DEBORAH MALTE
JRM 276-1219

TITLE: CODE ENFORCEMENT OFFICER

Z 141 131 224
US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for ... (See reverse)

Sent to
Street & Number
Post Office, State
Postage
Certified Fee
Special Delivery
Restricted Del
Return Receipt Whom & Date
Return Receipt Date & Address
TOTAL Postage
Postmark or ...

PS Form 3800, April 1995

ROBERT S. LEVIN C9808240024 DM
2901 CLINTMOORE ROAD #423
BOCA RATON, FL 33496

Is your RETURN ADDRESS completed on the reverse side?

SENDER:
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:
ROBERT S. LEVIN C9808240024 DM
2901 CLINTMOORE ROAD #423
BOCA RATON, FL 33496

4a. Article Number
Z 141 131 224

4b. Service Type
☐ Registered ☒ Certified
☐ Express Mail ☐ Insured
☐ Return Receipt for Merchandise ☐ COD

7. Date of Delivery
4-26-

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994 Domestic Return Receipt

Thank you for using Return Receipt Service

# Exhibit “4”

CODES ENFORCEMENT BOARD
NOTICE OF HEARING
DATE & TIME: JANUARY 06, 1999 AT 9:00 A.M.

COMPL. #:C9808240024

ROBERT S LEVIN
JOYCE V LEVIN
2901 CLINTMORE RD. #423
BOCA RATON, FL. 33496-2041

PREMISES: 6940 QUEENFERRY CIR , BOCA RATON
PCN# ; 00 42 46 33 09 000 5010
VIOLATION(S):

| | |
|---|---|
| 105.6 | PALM BEACH COUNTY BUILDING CODE |
| 106.2 | PALM BEACH COUNTY BUILDING CODE |

DETAILS:

IT IS NECESSARY TO OBTAIN REQUIRED PERMITS, INSPECTIONS AND CERTIFICATE OF COMPLETION FOR THE INSTALLATION OF A SWIMMING POOL FENCE. (THE FENCING IS ENCROACHING INTO A DRAINAGE EASEMENT AND MUST BE RELOCATED IN ACCORDANCE WITH THE PERMITS AND PLANS FOR SAME IN ORDER THAT THE PERMITS MAY RECEIVE THEIR CERTIFICATE OF COMPLETION.

ISSUED: 09/24/98/ ZONED: RT INSP: DEBORAH HALTE

THE CODES ENFORCEMENT BOARD WAS CREATED BY THE PALM BEACH COUNTY BOARD OF COUNTY COMMISSIONERS PURSUANT TO ORDINANCE NO. 92-20. THE PURPOSE OF THIS BOARD IS TO FACILITATE THE ENFORCEMENT OF THE ZONING, BUILDING, HOUSING AND RELATED TECHNICAL CODES IN EXISTENCE IN PALM BEACH COUNTY, BY CREATING AN AUTHORITY COMPOSED OF SEVEN CITIZENS WHO CAN QUICKLY AND FAIRLY REACH DECISIONS CONCERNING ALLEGED VIOLATIONS OF THESE CODES.

PALM BEACH COUNTY HAS REQUESTED THAT YOU BE CALLED BEFORE THIS BOARD TO DETERMINE WHETHER OR NOT YOU ARE IN VIOLATION OF THE ABOVE LISTED CODE(S). THE VIOLATION WAS DETERMINED BY A REPRESENTATIVE OF THE BUILDING AND ZONING DEPARTMENT AS PREVIOUSLY CITED AND NOTIFIED.

PURSUANT TO ORDINANCE 92-20 YOU ARE HEREBY FORMALLY NOTIFIED THAT ON THE ABOVE LISTED DATE AND TIME THERE WILL BE A PUBLIC HEARING AT 100 AUSTRALIAN AVE., WEST PALM BEACH, FLORIDA, TO DETERMINE WHETHER OR NOT YOU ARE IN VIOLATION OF THE ABOVE REFERENCED CODE(S). YOU MAY APPEAR AT SAID HEARING IN PERSON OR MAY BE REPRESENTED BY COUNSEL TO PRESENT YOUR SIDE OF THE CASE. IF YOU DO NOT APPEAR, THE BOARD MAY PROCEED WITHOUT YOU. SHOULD THE BOARD DETERMINE THAT A VIOLATION EXISTS, IT HAS THE POWER TO TAKE WHATEVER STEPS ARE NECESSARY TO ASSURE COMPLIANCE, INCLUDING THE POWER TO FINE YOU AND CREATE A LIEN ON YOUR PROPERTY UP TO $250.00 FOR EACH DAY THE VIOLATION CONTINUES BEYOND A DATE SET BY THE BOARD. ANY INQUIRIES MAY BE MADE TO (561) 233-5500.

************************************************************

IF THE COUNTY PREVAILS IN PROSECUTING YOUR CASE BEFORE THE CODE ENFORCEMENT BOARD, IT SHALL BE ENTITLED TO RECOVER ALL COSTS FROM YOU INCURRED IN PROSECUTING THE CASE.

************************************************************

IF A PERSON DECIDES TO APPEAL ANY DECISION MADE BY THIS BOARD WITH RESPECT TO ANY MATTER CONSIDERED AT THIS MEETING OR HEARING HE WILL NEED A RECORD OF THE PROCEEDINGS, AND THAT, FOR SUCH PURPOSE, HE MAY NEED TO ENSURE THAT A VERBATIM RECORD OF THE PROCEEDINGS IS MADE, WHICH RECORD INCLUDES THE TESTIMONY AND EVIDENCE UPON WHICH THE APPEAL IS TO BE BASED.

SINCERELY,

PALM BEACH COUNTY, FLORIDA
CODES ENFORCENT BOARD
100 AUSTRALIAN AVE.
WEST PALM BEACH, FLORIDA 33406

[signature]

WILLIAM PRUITT, CHAIRMAN

Z 141 126 450
US Postal Service
Receipt for Certified Mail
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)
Sent to
ROBERT S LEVIN
JOYCE V LEVIN
2901 CLINTMORE RD. #423
BOCA RATON, FL. 33496-2041
C9808240024 .DM
PS Form 3800, April 1995

SENDER:
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:
ROBERT S LEVIN
JOYCE V LEVIN
2901 CLINTMORE RD. #423
BOCA RATON, FL. 33496-2041
C9808240024 .DM

4a. Article Number: 141 126 450
4b. Service Type
☐ Registered ☒ Certified
☐ Express Mail ☐ Insured
☐ Return Receipt for Merchandise ☐ COD
7. Date of Delivery
5. Received By: (Print Name)
6. Signature: (Addressee or Agent) X [signature]
8. Addressee's Address (Only if requested and fee is paid)
PS Form 3811, December 1994
Domestic Return Receipt
Is your RETURN ADDRESS completed on the reverse side?
Thank you for using Return Receipt Service.
Fold at line over top of envelope to

ORDER
CODE ENFORCEMENT BOARD

TO: Robert S. Levin
Joyce V. Levin
2901 Clintmore Road #423
Boca Raton, FL 33496-2041

C#9808240024

RE: 105.6 and 106.2 of the Palm Beach County Building Code. It is necessary to obtain required permits, inspections and certificate of completion for the installation of a swimming pool fence. (the fencing is encroaching into a drainage easement and must be relocated in accordance with the permits and plans for same in order that the permits may receive their certificate of completion.

CEO: Deborah Malte

THIS CAUSE came for public hearing before the Codes Enforcement Special Master on January 6, 1999, and the Special Master having heard testimony under oath, without you being present, received evidence and heard argument, enters the following Findings of Fact, Conclusions of Law and Order:

FINDINGS OF FACT

1. Respondent, Robert S. Levin and Joyce V. Levin, whose mailing address is 2901 Clintmore Road #423 Boca Raton, FL 33496-2041, is the owner(s) or person(s) in charge of the property located at 6940 Queenferry Circle Boca Raton (00-42-46-33-09-000-5010).

2. Respondent(s) received notice of the code violations cited above and was given reasonable time to correct said violations. Respondent(s) failed to correct said violations within the allotted time.

3. At the time of hearing, the violations cited above continue to exist.

4. Palm Beach County incurred costs in the amount of $61.67 in successfully prosecuting this case.

CONCLUSIONS OF LAW

1. Respondent, by reason of the foregoing is in violation of the Codes as cited above, and is therefore subject to the provisions of Article 14 of the Palm Beach County Unified Land Development Code, under the authority of Chapter 162 of Florida Statutes, as may be amended.

2. Palm Beach County is entitled to recover all costs incurred in successfully prosecuting this action.

Page 2
Levin
C9808240024

ORDER

Respondent(s) is (are) to correct the violations cited above on or before February 5, 1999. In the event the violations cited above are not corrected on or before the compliance date, then and in that event there shall be a fine imposed against Respondent(s) in the amount of $50.00 for each day the violations continue to exist after the compliance date. If a repeat violation has been committed, then and in that event there shall be fine imposed against Respondent(s) in the amount of n/a for each day the repeat violations continues, beginning with the date the repeat violation is found to have occurred by the code inspector. If a finding of violation or repeat violation has been made as provided in Section 162.09, Florida Statutes, a hearing shall not be necessary for issuance of the Order imposing such a fine. The burden shall rest upon Respondent(s) to request a reinspection to determine whether the violation or repeat violation has been brought into compliance.

In addition to the daily fine set forth above, you are hereby ordered, pursuant to Article 14 of the Palm Beach County Unified Land Development Code and Chapter 162 of Florida Statues, as may be amended, to pay costs to the County in the amount of $61.67. This amount is due and owing as of the date of this Order.

A certified copy of this Order may be recorded in the public records of Palm Beach County, Florida, and shall thereafter constitute notice to any subsequent purchasers, successors in interest, or assigns if the violation concerns real property. The findings in this Order shall be binding upon Respondent(s) and, if the violation concerns real property, any subsequent purchasers, successors in interest, or assigns pursuant to Article 14 of the Palm Beach County Unified Land Development Code and Chapter 162 of Florida Statutes, as may be amended.

DONE and ORDERED this 6 day of January, 1999.

[signature]
*Special Master

ATTEST: [signature: Karen Lamb]
Secretary

SENDER:
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:
Robert S. Levin C9808240024
Joyce V. Levin
2901 Clintmore Road #423
Boca Raton, FL 33496-2041

4a. Article Number
Z 141 132 996

4b. Service Type
☐ Registered ☑ Certified
☐ Express Mail ☐ Insured
☐ Return Receipt for Merchandise ☐ COD

7. Date of Delivery
1-1-99

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)

8. Addressee's Address (Only if requested and fee is paid)

RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

Z 141 132 996
US Postal Service
Receipt for Certified Mail
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Sent to
Street & Number
Post Office, State, & ZIP Code
Postage
Certified Fee
Special Delivery Fee
Restricted Delivery Fee
Return Receipt Showing to Whom & Date Delivered
Return Receipt Showing to Whom, Date, & Addressee's Address
TOTAL Postage & Fees
Postmark or Date

Robert S. Levin C9808240024
Joyce V. Levin
2901 Clintmore Road #423
Boca Raton, FL 33496-2041

# Exhibit "5"

```
P.B.C.P.A. - NAL SYSTEM -- AUGUST 24, 1998 - 11:54:19 HOURS
PARCEL - CY 00 RG 42 TW 46 SEC 33 SUB 09 BLK 000 LOT 5010 YEAR(C/L) L
ASSN:                              YEAR ADDED      87 LOAD
   TYPE                            DATE MAINT 07/29/97 NCOA     NCOA:
NAME LEVIN ROBERT S & JOYCE V      DATE MAINT 09/17/96 CTF
ADR1 2901 CLINT MOORE RD # 423     DATE MAINT 07/05/91 COLL    ECN HST:
ADR2 BOCA RATON FL                 DATE MAINT 04/02/90 DCC
ADR3                          ZIP 334962041  HOMESTEAD RECEIPT # 0000000
SALE DATE 1089  PRICE 304100  BOOK 6246  PAGE 642  TYP V  INST WD  QUAL U
LEGAL ST ANDREWS COUNTRY CLUB PL 10
      LT 501

CMC 35 MMC 00 NAV HA EXC 00 %EXC 0.0 TFR  THP   INFO N ACRES 0.48
PUC 001 00 T-CONDO  CCD 05 OTH NAV  OWN 0  MTG   CTFNO 97 -  6950
HOME 0      WIDOW 0       DISAB 0       OTHER 0        ENERGY 0
ASSDVAL 0        SYSTVAL 1193847  LANDVAL 230000   BLDGVAL 963847
LANDMKT 0        CONSVAL 0        NLAND 0       EAA  EAA ACRES 0.00
SOHVAL  0        OVERRIDE N  SOH YEAR 0000  % USE 0.0  SOH ADJ YEAR 0000
NAV FCTR 0.00     PRT(F10) ADD(F13) CHG(F15) INQ(F22) DEL(F8) MENU(F24)
MESSAGE  - LAST YEAR EXEMPTIONS AND VALUES
```

NOTICE OF VIOLATION

PALM BEACH COUNTY BUILDING & ZONING DEPARTMENT
100 AUSTRALIAN AVE, WEST PALM BEACH, FL. 33406
TELEPHONE: (561)233-5300

TO: ROBERT S LEVIN
JOYCE V LEVIN

SEPTEMBER 24, 1998

ADDRESS: 2901 CLINTMORE RD. #423
BOCA RATON, FL 33496

PREMISES: 6940 QUEENFERRY CIR
PCN# : 000 42 46 33 09 000 5010

COMPLAINT NUM: C9808240024

ZONING CLASSIFICATION: RT

YOU ARE HEREBY NOTIFIED THAT AN INSPECTION OF THE ABOVE PREMISES DISCLOSED THAT YOU HAVE VIOLATED ONE OR MORE CODES OF PALM BEACH COUNTY, FLORIDA AS FOLLOWS:

105.6 PALM BEACH COUNTY BUILDING CODE
106.2 PALM BEACH COUNTY BUILDING CODE

AND PARTICULARLY

IT IS NECESSARY TO OBTAIN REQUIRED PERMITS, INSPECTIONS AND CERTIFICATE OF COMPLETION FOR THE INSTALLATION OF A SWIMMING POOL FENCE. (THE FENCING IS ENCROACHING INTO A DRAINAGE EASEMENT AND MUST BE RELOCATED IN ACCORDANCE WITH THE PERMITS AND PLANS FOR SAME IN ORDER THAT THE PERMITS MAY RECEIVE THEIR CERTIFICATE OF COMPLETION.

REQUIREMENTS FOR CORRECTION

RENEW, REACTIVATE, OR OBTAIN NEW PERMITS TO COVER THE WORK COMPLETED UNDER BUILDING PERMIT # B91000090, MAKE ANY NECESSARY CORRECTIONS TO THE WORK THAT HAS BEEN COMPLETED, WHICH WILL INCLUDE RELOCATING THE FENCE TO THE PROPER LOCATION AS REFLECTED IN THE APPROVAL PERMIT AND PLANS AND OBTAIN THE CERTIFICATE OF COMPLETION FOR THE SWIMMING POOL AND POOL FENCE.

COMPLIANCE DEADLINE: OCTOBER 23, 1998.

THE REQUIREMENTS FOR CORRECTION MUST BE MET NO LATER THAN OCTOBER 23, 1998. IF THE VIOLATION IS CORRECTED AND THEN RECURS OR IF THE VIOLATION IS NOT CORRECTED BY THE TIME SPECIFIED FOR CORRECTION IN THIS NOTICE, THE CASE MAY BE PRESENTED TO THE CODES ENFORCEMENT BOARD OR SPECIAL MASTER FOR HEARING EVEN IF THE VIOLATION HAS BEEN CORRECTED PRIOR TO THE BOARD

HEARING. IF YOU ARE FOUND TO BE IN VIOLATION BY ORDER OF THE CODES ENFORCEMENT BOARD OR SPECIAL MASTER, THERE MAY BE IMPOSED AGAINST YOU A FINE OF UP TO $250 DOLLARS PER DAY FOR EACH DAY THE VIOLATION CONTINUES PAST THE COMPLIANCE DATE SET BY THE BOARD OR SPECIAL MASTER.

FURTHERMORE, THE COUNTY SHALL BE ENTITLED TO RECOVER FROM YOU ALL COSTS IT INCURS IN SUCCESSFULLY PROSECUTING THIS CASE BEFORE THE CODES ENFORCEMENT BOARD OR SPECIAL MASTER.

SHOULD YOU HAVE ANY SPECIFIC QUESTIONS REGARDING THIS VIOLATION NOTICE, PLEASE CONTACT THE CODE ENFORCEMENT OFFICER BETWEEN 8:00 AND 9:30 A.M.

NOTE: IT IS YOUR RESPONSIBILITY TO CONTACT THIS OFFICE WHEN COMPLIANCE HAS BEEN ACHIEVED.

PALM BEACH COUNTY
BUILDING & ZONING DEPARTMENT
CODE ENFORCEMENT DIVISION

BY: DEBORAH MALTE
JRM 276-1219

TITLE: CODE ENFORCEMENT OFFICER

Z 141 131 224
US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| | |
|---|---|
| Sent to | |
| Street & Number | |
| Post Office, State & ZIP Code | |
| Postage | |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | |
| Postmark or Date | |

ROBERT S. LEVIN C9808240024 DM
2901 CLINTMOORE ROAD #423
BOCA RATON, FL 33496

PS Form 3800, April 1995

SENDER:
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:
ROBERT S. LEVIN C9808240024 DM
2901 CLINTMOORE ROAD #423
BOCA RATON, FL 33496

4a. Article Number
Z 141 131 224

4b. Service Type
☐ Registered ☒ Certified
☐ Express Mail ☐ Insured
☐ Return Receipt for Merchandise ☐ COD

7. Date of Delivery
8-26-98

5. Received By: (Print Name)
M. Mic

6. Signature: (Addressee or Agent)
[signature]

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994 102595-98-B-0229 Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?
Thank you for using Return Receipt Service.

CODES ENFORCEMENT BOARD
NOTICE OF HEARING
DATE & TIME: JANUARY 06, 1999 AT 9:00 A.M.

COMPL. #:C9808240024

ROBERT S LEVIN
JOYCE V LEVIN
2901 CLINTMORE RD. #423
BOCA RATON, FL. 33496-2041

PREMISES: 6940 QUEENFERRY CIR , BOCA RATON
PCN# : 000 42 46 33 09 000 5010
VIOLATION(S):

| | |
|---|---|
| 105.6 | PALM BEACH COUNTY BUILDING CODE |
| 106.2 | PALM BEACH COUNTY BUILDING CODE |

DETAILS:

IT IS NECESSARY TO OBTAIN REQUIRED PERMITS, INSPECTIONS AND CERTIFICATE OF COMPLETION FOR THE INSTALLATION OF A SWIMMING POOL FENCE. (THE FENCING IS ENCROACHING INTO A DRAINAGE EASEMENT AND MUST BE RELOCATED IN ACCORDANCE WITH THE PERMITS AND PLANS FOR SAME IN ORDER THAT THE PERMITS MAY RECEIVE THEIR CERTIFICATE OF COMPLETION.

ISSUED: 09/24/98/ ZONED: RT INSP: DEBORAH MALTE

THE CODES ENFORCEMENT BOARD WAS CREATED BY THE PALM BEACH COUNTY BOARD OF COUNTY COMMISSIONERS PURSUANT TO ORDINANCE NO. 92-20. THE PURPOSE OF THIS BOARD IS TO FACILITATE THE ENFORCEMENT OF THE ZONING, BUILDING, HOUSING AND RELATED TECHNICAL CODES IN EXISTENCE IN PALM BEACH COUNTY, BY CREATING AN AUTHORITY COMPOSED OF SEVEN CITIZENS WHO CAN QUICKLY AND FAIRLY REACH DECISIONS CONCERNING ALLEGED VIOLATIONS OF THESE CODES.

PALM BEACH COUNTY HAS REQUESTED THAT YOU BE CALLED BEFORE THIS BOARD TO DETERMINE WHETHER OR NOT YOU ARE IN VIOLATION OF THE ABOVE LISTED CODE(S). THE VIOLATION WAS DETERMINED BY A REPRESENTATIVE OF THE BUILDING AND ZONING DEPARTMENT AS PREVIOUSLY CITED AND NOTIFIED.

PURSUANT TO ORDINANCE 92-20 YOU ARE HEREBY FORMALLY NOTIFIED THAT ON THE ABOVE LISTED DATE AND TIME THERE WILL BE A PUBLIC HEARING AT 100 AUSTRALIAN AVE., WEST PALM BEACH, FLORIDA, TO DETERMINE WHETHER OR NOT YOU ARE IN VIOLATION OF THE ABOVE REFERENCED CODE(S). YOU MAY APPEAR AT SAID HEARING IN PERSON OR MAY BE REPRESENTED BY COUNSEL TO PRESENT YOUR SIDE OF THE CASE. IF YOU DO NOT APPEAR, THE BOARD MAY PROCEED WITHOUT YOU. SHOULD THE BOARD DETERMINE THAT A VIOLATION EXISTS, IT HAS THE POWER TO TAKE WHATEVER STEPS ARE NECESSARY TO ASSURE COMPLIANCE, INCLUDING THE POWER TO FINE YOU AND CREATE A LIEN ON YOUR PROPERTY UP TO $250.00 FOR EACH DAY THE VIOLATION CONTINUES BEYOND A DATE SET BY THE BOARD. ANY INQUIRIES MAY BE MADE TO (561) 233-5500.

****************************************************************
IF THE COUNTY PREVAILS IN PROSECUTING YOUR CASE BEFORE THE CODE ENFORCEMENT BOARD, IT SHALL BE ENTITLED TO RECOVER ALL COSTS FROM YOU INCURRED IN PROSECUTING THE CASE.
****************************************************************

IF A PERSON DECIDES TO APPEAL ANY DECISION MADE BY THIS BOARD WITH RESPECT TO ANY MATTER CONSIDERED AT THIS MEETING OR HEARING HE WILL NEED A RECORD OF THE PROCEEDINGS, AND THAT, FOR SUCH PURPOSE, HE MAY NEED TO ENSURE THAT A VERBATIM RECORD OF THE PROCEEDINGS IS MADE, WHICH RECORD INCLUDES THE TESTIMONY AND EVIDENCE UPON WHICH THE APPEAL IS TO BE BASED.

SINCERELY,

PALM BEACH COUNTY, FLORIDA
CODES ENFORCENT BOARD
100 AUSTRALIAN AVE.
WEST PALM BEACH, FLORIDA 33406

[signature]

WILLIAM PRUITT, CHAIRMAN

Z 141 186 450
US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)
Sent to
C9808240024 DM
ROBERT S LEVIN
JOYCE V LEVIN
2901 CLINTMORE RD. #423
BOCA RATON, FL. 33496-2041
PS Form 3800, April 1995

Is your RETURN ADDRESS completed on the reverse side?

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

C9808240024 DM
ROBERT S LEVIN
JOYCE V LEVIN
2901 CLINTMORE RD. #423
BOCA RATON, FL. 33496-2041

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

4a. Article Number 141 186 450
4b. Service Type ☐ Registered ☒ Certified ☐ Express Mail ☐ Insured ☐ Return Receipt for Merchandise ☐ COD
7. Date of Delivery
5. Received By: (Print Name)
6. Signature: (Addressee or Agent) X [signature]
8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994 Domestic Return Receipt

Thank you for using Return Receipt Service.

Fold at line over top of envelope to

ORDER
CODE ENFORCEMENT BOARD

TO: Robert S. Levin
Joyce V. Levin
2901 Clintmore Road #423
Boca Raton, FL 33496-2041

C#9808240024

RE: 105.6 and 106.2 of the Palm Beach County Building Code. It is necessary to obtain required permits, inspections and certificate of completion for the installation of a swimming pool fence. (the fencing is encroaching into a drainage easement and must be relocated in accordance with the permits and plans for same in order that the permits may receive their certificate of completion.

CEO: Deborah Malte

THIS CAUSE came for public hearing before the Codes Enforcement Special Master on January 6, 1999, and the Special Master having heard testimony under oath, without you being present, received evidence and heard argument, enters the following Findings of Fact, Conclusions of Law and Order:

FINDINGS OF FACT

1. Respondent, Robert S. Levin and Joyce V. Levin, whose mailing address is 2901 Clintmore Road #423 Boca Raton, FL 33496-2041, is the owner(s) or person(s) in charge of the property located at 6940 Queenferry Circle Boca Raton (00-42-46-33-09-000-5010).

2. Respondent(s) received notice of the code violations cited above and was given reasonable time to correct said violations. Respondent(s) failed to correct said violations within the allotted time.

3. At the time of hearing, the violations cited above continue to exist.

4. Palm Beach County incurred costs in the amount of $61.67 in successfully prosecuting this case.

CONCLUSIONS OF LAW

1. Respondent, by reason of the foregoing is in violation of the Codes as cited above, and is therefore subject to the provisions of Article 14 of the Palm Beach County Unified Land Development Code, under the authority of Chapter 162 of Florida Statutes, as may be amended.

2. Palm Beach County is entitled to recover all costs incurred in successfully prosecuting this action.

ORDER

Respondent(s) is, (are) to correct the violations cited above on or before February 5, 1999. In the event the violations cited above are not corrected on or before the compliance date, then and in that event there shall be a fine imposed against Respondent(s) in the amount of $50.00 for each day the violations continue to exist after the compliance date. If a repeat violation has been committed, then and in that event there shall be fine imposed against Respondent(s) in the amount of n/a for each day the repeat violations continues, beginning with the date the repeat violation is found to have occurred by the code inspector. If a finding of violation or repeat violation has been made as provided in Section 162.09, Florida Statutes, a hearing shall not be necessary for issuance of the Order imposing such a fine. The burden shall rest upon Respondent(s) to request a reinspection to determine whether the violation or repeat violation has been brought into compliance.

In addition to the daily fine set forth above, you are hereby ordered, pursuant to Article 14 of the Palm Beach County Unified Land Development Code and Chapter 162 of Florida Statues, as may be amended, to pay costs to the County in the amount of $61.67. This amount is due and owing as of the date of this Order.

A certified copy of this Order may be recorded in the public records of Palm Beach County, Florida, and shall thereafter constitute notice to any subsequent purchasers, successors in interest, or assigns if the violation concerns real property. The findings in this Order shall be binding upon Respondent(s) and, if the violation concerns real property, any subsequent purchasers, successors in interest, or assigns pursuant to Article 14 of the Palm Beach County Unified Land Development Code and Chapter 162 of Florida Statutes, as may be amended.

DONE and ORDERED this 6 day of January, 1999.

Special Master

ATTEST: Secretary

Z 141 132 996

US Postal Service
Receipt for Certified Mail
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Sent to
Robert S. Levin C9808240024
Joyce Y. Levin
2901 Clintmore Road #423
Boca Raton, FL 33496-2041

Street & Nu
Post Office, S
Postage
Certified Fee
Special Deliv
Restricted De
Return Receipt Whom & Date
Return Receipt S Date, & Address
TOTAL Postag
Postmark or D

Thank you for using Return Receipt Service.

SENDER:
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:
Robert S. Levin C9808240024
Joyce Y. Levin
2901 Clintmore Road #423
Boca Raton, FL 33496-2041

4a. Article Number Z 141 132 996
4b. Service Type
☐ Registered ☑ Certified
☐ Express Mail ☐ Insured
☐ Return Receipt for Merchandise ☐ COD
7. Date of Delivery 1-11-99

5. Received By: (Print Name)
6. Signature: (Addressee or Agent)
8. Addressee's Address (Only if requested and fee is paid)

RETURN ADDRESS completed on the reverse side?

```
P.B.C.P.A. - NAL SYS~~M  -  MARCH   25, 1999  -  10:45:17 HOURS
PARCEL - CY 00  RG 42  TWP 46  SEC 33  SUB 09  BLK 00..  LOT 5010  YEAR(C/L) L
ASSN:                                   YEAR ADDED      87  LOAD
   TYPE                                 DATE MAINT 12/22/98 CTF      NCOA:
NAME LEVIN ROBERT S & JOYCE V           DATE MAINT 07/29/97 NCOA
ADR1 2901 CLINT MOORE RD # 423          DATE MAINT 09/17/96 CTF    ECN HST:
ADR2 BOCA RATON FL                      DATE MAINT 07/05/91 COLL
ADR3                                ZIP 334962041  HOMESTEAD RECEIPT # 0000000
SALE DATE 1089  PRICE 304100   BOOK 6246   PAGE 642   TYP V  INST WD  QUAL U
LEGAL ST ANDREWS COUNTRY CLUB PL 10
      LT 501

CMC 35  MMC 00  NAV HA  EXC 00  %EXC 0.0   TFR    THP    INFO N ACRES 0.48
PUC 001 00 T-CONDO    CCD 05  OTH NAV   OWN 0   MTG      CTFNO 00 -
HOME 0       WIDOW 0       DISAB 0       OTHER 0          ENERGY 0
ASSDVAL 0          SYSTVAL 1186517  LANDVAL 230000     BLDGVAL 956517
LANDMKT 0          CONSVAL 0        NLAND 0          EAA   EAA ACRES 0.00
SOHVAL  0          OVERRIDE N  SOH YEAR 0000  % USE 0.0   SOH ADJ YEAR 0000
NAV FCTR 0.00       PRT(F10) ADD(F13) CHG(F15) INQ(F22) DEL(F8) MENU(F24)
MESSAGE  - LAST YEAR EXEMPTIONS AND VALUES
```

1/6/00
2/11/00 Lien ref

NOTICE OF CODE ENFORCEMENT LIEN
Ordinance 87-15, As amended by 88-20

DATE: May 19, 1999

TO: Robert S. Levin
Joyce V. Levin
2901 Clintmore Road #423
Boca Raton, FL 33496-2041

ACCOUNT NUMBER: C9808240024

PROPERTY DESCRIPTION: 6940 Queenferry Circle Boca Raton
Property Control Number 00-42-46-33-09-000-5010

On April 28, 1999, the Code Enforcement Board of Palm Beach County, Florida placed a lien (ORB 11076 pp. 1142-1145) against the above-described property for certain violations.

Affidavit of Non-Compliance dated January 6, 1999, indicated the property is not in compliance with the Code Enforcement Board order of January 6, 1999, Pursuant to said order, a fine/lien of $50.00 per day will accrue from February 6, 1999, and will continue to accrue until the violation is corrected and approved. Upon compliance, you may contact Code Enforcement to request a hearing for modification of the lien amount.

Said lien shall be superior to all other liens except liens for taxes, and shall bear interest at the rate of ten (10) percent per annum from the date recorded. Pursuant to Section 55.03 of Florida Statutes, the percent per annum is subject to change on January 1st of each year.

Said lien may be enforced by the Sheriff who may be authorized to levy against your personal property. Furthermore, the County Attorney may foreclose this lien upon the direction of the Code Enforcement Board.

To release and satisfy this lien, payments should be made payable to the Board of County Commissioners and mailed to 100 Australian Avenue, West Palm Beach, Fl. 33406, ATTN: Accounting Revenue. To ensure proper credit, please reference your account number shown at the top of this notice.

IMPORTANT: If this lien is not satisfied within ninety (90) days of the date the lien was placed, it will be turned over to the Office of Financial Management for assignment to a Collection Agency. Once this is done, no modification requests will be accepted and you will be responsible for any County Collection fees incurred.

For additional information regarding this lien, call Janet Macapayag of Code Enforcement at (561) 233-5500.

Sincerely,

Terry Verner, Director Code Enforcement
Planning, Zoning and Building Department

P 181 423 843

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

Sent to
Street & Number
Post Office, State, & ZIP Code
Postage
Certified Fee
Special Delivery Fee
Restricted Delivery Fee
Return Receipt Showing to Whom & Date Delivered
TOTAL Postage & Fees $
Postmark or Date

Robert S. Levin
Joyce V. Levin
2901 Clintmore Road #423
Boca Raton, FL 33496-2041
Account#C9808240024

PS Form 3800, April 1995

SENDER:
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:
Robert S. Levin
Joyce V. Levin
2901 Clintmoore Road #423
Boca Raton, FL 33496-2041
Account#C9808240024

4a. Article Number
P 181 423 843

4b. Service Type
☐ Registered ☐ Certified
☐ Express Mail ☐ Insured
☐ Return Receipt for Merchandise ☐ COD

7. Date of Delivery
6-9-99

5. Received By: *(Print Name)*

6. Signature: *(Addressee or Agent)*

8. Addressee's Address *(Only if requested and fee is paid)*

RETURN ADDRESS completed on the reverse side?

**eCaseView** CASE NUMBER: 50-2017-CA-001999-XXXX-MB

Search Criteria Search Results Case Info Party Names Dockets & Documents

Case Fees Court Events

To view a document, click on the document icon in the left column.

Documents with a lock icon are viewable on request (VOR) to protect confidential information that may be contained in the document. To request a VOR document, click on the lock icon in the left column. A clerk will perform a manual inspection of the document to ensure all confidential information is "redacted" by covering the information with a black bar. The document will then become available for viewing by the public.

While the document is being reviewed, the left column will show a clock icon for **In Process**. Most documents should be processed within 3 business days, depending on the volume of requests and the size and complexity of the document. When the document is ready to view, the clock icon will change to a document icon.

Public =
VOR =
In Process =

Page Size: 25

| | Docket Number | Effective Date | Description | Notes |
|---|---|---|---|---|
| | 1 | 02/21/2017 | DIVISION ASSIGNMENT | AE: Circuit Civil Central - AE (Civil) |
| | 2 | 02/21/2017 | PAID $401.00 ON RECEIPT 2050152 | $401.00 2050152 Fully Paid |
| | 3 | 02/21/2017 | PAID $20.00 ON RECEIPT 2050370 | $20.00 2050370 Fully Paid |
| | 4 | 02/21/2017 | COMPLAINT | |
| | 5 | 02/21/2017 | CIVIL COVER SHEET | |
| | 6 | 02/21/2017 | SUMMONS ISSUED | AS TO PALM BEACH COUNTY - CTR |
| | 7 | 02/21/2017 | SUMMONS ISSUED | AS TO GLENN E MEEDER JR IN HIS CAPACITY AS COLLECTIONS CORDIONATOR PALM BEACH COUNTY OFFICE OF FINANCIAL MANAGEMENT AND BUDGET - CTR |
| | 8 | 02/23/2017 | SERVICE | GLENN F. MEEDER JR IN HIS CAPACITY AS |

EXHIBIT
tabbies
2

eCaseView Page 2 of 2

| | | | | |
|---|---|---|---|---|
| | | | RETURNED (NUMBERED) | COLLECTIONS COORDINATOR PALM BEACH COUNTY OFFICE OF FINANCIAL MANAGEMENT AND BUGET SERVED 02/22/2017 |
| | 9 | 02/23/2017 | SERVICE RETURNED (NUMBERED) | PALM BEACH COUNTY LITIGATION DEPARTMENT SERVED 02/22/2017 |